BECKER v. LAITIN et al.

(Supreme Court, Appellate Term.   March 28, 1898.)

APPEAL—HARMLESS ERROR.

An appellant is not entitled to have a judgment reversed for error in admitting evidence which was in all respects favorable to the appellant, who was in no way prejudiced thereby.

Appeal from Fourth district court.

Action by Louis Becker against Boney Laitin and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Emanuel Hertz, for appellant.

Max D. Steuer, for respondents.

PER CURIAM. The appellant and respondents, having orally agreed to dissolve their partnership on certain terms, proceeded to give effect to such agreement. The respondents delivered the notes in question to the appellant, and, by an instrument in writing, released the appellant from any claim they might have against him, and also assumed all of the outstanding co-partnership debts. No reference was made in this instrument to the notes. It did not, in fact, embody the agreement of dissolution, but is to be considered as a paper given in pursuance and in part execution of that agreement. It was not error, therefore, for the trial justice to admit parol evidence showing what the terms of the original agreement of dissolution were.

The objection now raised, that the defense upon which judgment was awarded in favor of the defendants was not properly pleaded, is well founded; but the point was not sufficiently raised below, and the matter seems to have been litigated before the trial justice with the

assent of both parties. It is evident that all the evidence which the appellant could have offered was presented, and the case was submitted to the justice by both parties upon all the proofs. Under these circumstances, it is too late to raise the question on appeal.

It was doubtless error to admit the evidence which was received with respect to conversations between the witness Shultz and the defendants; but, as the testimony of the witness in that regard was in all respects favorable to the appellant, the latter was in no way prejudiced, and is not therefore entitled to have the judgment reversed on that ground.

None of the other exceptions presents ground for reversal. The defense to the note was good, if proven; and, as the trial justice, upon conflicting evidence, has found the facts in favor of the respondents, we should not disturb his judgment.

Judgment affirmed, with costs.